```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone:  (916) 554-2723

 5  Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:07-CV-00692-FCD/KJM |
|---|---|---|
| Plaintiff, | ) | **EX PARTE APPLICATION TO STAY FURTHER PROCEEDINGS** |
| v. | ) | **AND ORDER** |
| APPROXIMATELY $129,707.00 IN U.S. CURRENCY, | ) | |
| APPROXIMATELY $100,700.54 IN MONEY ORDERS, | ) | |
| APPROXIMATELY $108,460.00 IN U.S. CURRENCY, AND | ) | |
| APPROXIMATELY $251,911.00 IN U.S. CURRENCY, | ) | |
| Defendants. | ) | |

   Plaintiff United States of America, by and through undersigned counsel, requests that the stay in this action be extended an additional six months to May 23, 2010, pending the outcome of a related criminal investigation against claimant Abdurrahman Yousuf.

///

///

EX PARTE APPLICATION TO STAY FURTHER
PROCEEDINGS AND ORDER                 1

1   Abdurrahman Yousuf and Khatiza Madha Yousuf are the claimants
2 in this forfeiture action.  Plaintiff was unable to secure the
3 consent of claimants' attorney of record, Bryan Altman, to this
4 extension.  Mr. Altman has advised undersigned counsel that his
5 clients notified him many months ago that they have retained new
6 counsel.  Mr. Altman advised me that he has attempted to contact
7 his clients, but they do not respond.  In addition, the attorney
8 who has purportedly taken over this case has not responded to his
9 letters seeking to confirm which attorney is representing
10 claimants.[1]   Accordingly, Mr. Altman advised me on November 23,
11 2009, that he will be filing a motion to withdraw as attorney of
12 record.  For that reason Mr. Altman does not believe he has
13 authority to agree to an extension of the current stay.  Plaintiff
14 therefore makes this request <u>ex parte</u>.  The reasons for this
15 request are set forth below.
16   1.   Each claimants has filed a claim to the defendant property
17 and an Answer to the Verified Complaint for Forfeiture <u>In Rem</u>.
18   2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1)
19 and 981(g)(2).  The plaintiff contends that Abdurrahman Yousuf and
20 others were involved in a scheme to defraud the California Board of
21 Equalization out of excise taxes due on the sale of tobacco
22 products.  The plaintiff further contends that proceeds of the

---

[1] On May 22, 2009, plaintiff submitted a stipulation to extend the stay to November 23, 2009.  Attorney Anthony Brooklier, the attorney who represented to undersigned counsel that he would be substituting into this case to represent the claimants, authorized undersigned counsel to sign his name to the stipulation.  However, no substitution has ever been filed.  Attorney Bryan Altman is still the attorney of record.

EX PARTE APPLICATION TO STAY FURTHER
   PROCEEDINGS AND ORDER            2


fraud scheme are traceable to the property that is the subject of this forfeiture action. Claimants denied these allegations in their Answers to the forfeiture complaint.

3. To date no one has been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the fraud scheme. Nevertheless, the plaintiff intends to depose claimants regarding their claims, their ownership of a business called "A to Z Cash & Carry," and their involvement in the sale of tobacco products into California. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the plaintiff will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, in previous stipulations to stay these proceedings, claimants represented that they intend to depose the agents involved in this investigation, including but not limited to the agents with the Bureau of Alcohol, Tobacco, Firearms & Explosives and the California Board of Equalization. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

5. Based on these facts, plaintiff contends that proceeding

with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimants' ability to prove their claim to the property and assert any defenses to forfeiture.  For these reasons, the plaintiff requests that this matter be stayed for an additional six months.  At that time plaintiff will advise the court of the status of the criminal investigation and will advise the court whether a further stay is necessary.

Dated: November 23, 2009        BENJAMIN B. WAGNER
                                United States Attorney

                          By    /s/ Kristin S. Door
                                KRISTIN S. DOOR
                                Assistant U.S. Attorney
                                Attorneys for Plaintiff
                                United States of America

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months.  On or before May 23, 2010, the plaintiff will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: November 25, 2009
                                _____
                                FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE

EX PARTE APPLICATION TO STAY FURTHER
  PROCEEDINGS AND ORDER                  4