```
BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2723

Attorney for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CV-00692-FCD/KJM |
| Plaintiff, | ) | EX PARTE APPLICATION TO STAY FURTHER PROCEEDINGS AND **ORDER** |
| v. | ) | |
| APPROXIMATELY $129,707.00 IN U.S. CURRENCY, | ) | |
| APPROXIMATELY $100,700.54 IN MONEY ORDERS, | ) | |
| APPROXIMATELY $108,460.00 IN U.S. CURRENCY, AND | ) | |
| APPROXIMATELY $251,911.00 IN U.S. CURRENCY, | ) | |
| Defendants. | ) | |

Plaintiff United States of America applies <u>ex parte</u> to extend the current stay in the above-entitled action, and requests that the Court enter an order staying all further proceedings for a period of six months pending the outcome of a related criminal investigation against claimant Abdurrahman Yousuf.

1. Claimants Abdurrahman Yousuf and Khatiza Madha Yousuf,

EX PARTE APPLICATION TO STAY FURTHER
PROCEEDINGS AND ORDER         1

1  (hereafter referred to collectively as "claimants") are not parties
2  to this stipulation for the following reasons:
3       a.   In late 2009 Bryan C. Altman, attorney of record for
4  claimants, moved to withdraw as claimants' counsel.  On November
5  25, 2009, this Court denied the motion.
6       b.   On May 24, 2010, undersigned counsel spoke with Mr.
7  Altman who advised her that he has not had any contact with
8  claimants and does not know their current whereabouts.
9       c.   Mr. Altman further stated that under these circumstances
10 he does not believe he has authority to consent to a stay.
11      d.   Plaintiff therefore submits this request <u>ex</u> <u>parte.</u>
12      2.   Each of the claimants has filed a claim to the defendant
13 property and an Answer to the Verified Complaint for Forfeiture <u>In</u>
14 <u>Rem</u>.
15      3.   The stay is requested pursuant to 18 U.S.C. § 981(g)(1).
16 The plaintiff contends that Abdurrahman Yousuf and others were
17 involved in a scheme to defraud the California Board of
18 Equalization out of excise taxes due on the sale of tobacco
19 products.  The plaintiff further contends that proceeds of the
20 fraud scheme are traceable to the property that is the subject of
21 this forfeiture action.  Claimants deny these allegations.
22      4.   To date no one has been charged with any criminal offense
23 by state, local, or federal authorities, and the statute of
24 limitations has not expired on potential criminal charges relating
25 to the fraud scheme.  Nevertheless, the plaintiff intends to depose
26 claimants regarding their claims, their ownership of a business
27 called "A to Z Cash & Carry," and their involvement in the sale of
28

1  tobacco products into California.  If discovery proceeds at this
2  time, claimants will be placed in the difficult position of either
3  invoking their Fifth Amendment rights against self-incrimination
4  and losing the ability to pursue their claims to the defendant real
5  property, or waiving their Fifth Amendment right and submitting to
6  a deposition and potentially incriminating themselves.  If they
7  invoke their Fifth Amendment rights, the plaintiff will be deprived
8  of the ability to explore the factual basis for the claims they
9  filed with this court.
10       5.   In addition, claimants intend to depose, among others,
11 the agents involved in this investigation, including but not
12 limited to the agents with the Bureau of Alcohol, Tobacco, Firearms
13 & Explosives and the California Board of Equalization.  Allowing
14 depositions of the law enforcement officers at this time would
15 adversely affect the ability of federal authorities to investigate
16 the underlying criminal conduct.
17       6.   Plaintiff contends that proceeding with this action at
18 this time has potential adverse affects on the investigation of the
19 underlying criminal conduct and/or upon claimants' ability to prove
20 their claim to the property and assert any defenses to forfeiture.
21 For these reasons, the parties jointly request that this matter be
22 stayed for six months.  At that time the parties will advise the
23 //
24 //
25
26
27
28

1 court of the status of the criminal investigation and will advise
2 the court whether a further stay is necessary.

4 Dated: May 24, 2010                BENJAMIN B. WAGNER
                                     United States Attorney

6                               By   /s/ Kristin S. Door
                                     KRISTIN S. DOOR
7                                    Assistant U.S. Attorney
                                     Attorneys for Plaintiff
8                                    United States of America

10                                **ORDER**

11    For the reasons set forth above, this matter is stayed
12 pursuant to 18 U.S.C. § 981(g)(1) for a period of six months.  On
13 or before November 24, 2010, the parties will advise the court
14 whether a further stay is necessary.
15 IT IS SO ORDERED.
16 Dated: May 24, 2010

                                     _____
18                                   FRANK C. DAMRELL, JR.
                                     UNITED STATES DISTRICT JUDGE